UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Jason Renowden,

                             Plaintiff,

v.

Carlson Hotels Management Corporation et al.,

                             Defendants.

**Decision and Order**

18-CV-1179W

---

       Plaintiff Jason Renowden filed a complaint on October 25, 2018 alleging injury while staying at the Radisson Hotel Charlotte Airport in Charlotte, North Carolina. (Dkt. No. 1.) Specifically, plaintiff alleges that, on October 26, 2015, he slipped and fell in his hotel room's shower because the shower lacked a slip-resistant mat or surface. Plaintiff seeks $5 million in compensatory damages.

       District Judge Elizabeth Wolford has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 7.) While reviewing the docket to prepare for initial scheduling, the Court noticed something about venue that requires closer attention. According to the complaint, plaintiff lives in this District. The complaint uses plaintiff's domicile as the exclusive basis for venue here. (Dkt. No. 1 at 1.) However, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979); *accord, e.g., Crotona 1967 Corp. v. Vidu Bro. Corp.*, No. 09 CIV 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) ("However, the actions of the plaintiff, which could be construed as an effort to create venue, are simply not an appropriate consideration. The purpose of venue is ordinarily to protect the *defendant* from unfairness or inconvenience."). Venue under 28 U.S.C. § 1391(b) thus is impossible based on plaintiff's domicile. Plaintiff in the complaint proceeds to assert that that some corporate defendants have registered with the Department of State in New York. (*Id.* at 2.) None of these

corporate defendants is incorporated in New York or has a principal place of business in New York. Plaintiff also names some John Doe corporate defendants who might be registered in New York but whose connections to New York are unclear and who appear to be the local managers of the Radisson Hotel Charlotte Airport. (*Id.* at 3.) Venue under Section 1391(b)(1) thus seems questionable. Meanwhile, every event alleged in the complaint occurred in Charlotte, virtually guaranteeing that all relevant evidence and witnesses are either in Charlotte or in corporate headquarters not located in New York. From the face of the complaint, nothing whatsoever connected to this case will be found in New York, making venue under Section 1391(b)(2) unlikely. Since Charlotte has a federal courthouse and lies in the Western District of North Carolina, venue under Section 1391(b)(3) appears unlikely.

Consequently, before proceeding with scheduling, the Court would like the parties to clarify why this case should continue here. As long as the parties have an opportunity to weigh in on a possible transfer, the Court can raise the issue *sua sponte*. *See Lead Indus. Assoc., Inc. v. OSHA*, 610 F.2d 70, 79–80 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*."); *Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Massachusetts, Inc.*, 42 F. Supp. 2d 327, 333 (S.D.N.Y. 1999) ("A transfer may be made under 28 U.S.C. § 1404(a) or § 1406(a) upon motion by either party or by the court sua sponte."); *Mobil Corp. v. S.E.C.*, 550 F. Supp. 67, 69 (S.D.N.Y. 1982) ("The parties should be provided notice and an opportunity to be heard when transfer is proposed *sua sponte* by the court.") (citations omitted). The Court, if necessary, can transfer the case via Decision and Order since transfers are non-dispositive. *See Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *1 n.1 (W.D.N.Y. Nov. 3, 2004); *White Mop Wringer Co. of Canada v. BT Capital Partners, Inc.*, No. 95-CV-565 (RSP/DS), 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997). On or before April 12, 2019, the

2

parties will file simultaneous briefing addressing whether this case should be transferred to the Western District of North Carolina under either or both of 28 U.S.C. §§ 1404 and 1406. *See Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 737 (S.D.N.Y. 1996) ("Section 1404(a) applies to claims for which venue is proper in this district; section 1406(a) applies to claims for which venue is improper in this district."). The Court will deem the matter submitted on papers under Rule 78(b) unless it decides that further proceedings are necessary.

SO ORDERED.

                                        __/s Hugh B. Scott_____
                                        Hon. Hugh B. Scott
                                        United States Magistrate Judge

DATED: March 21, 2019