IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:19-cv-214-DSC

_____

JASON RENOWDEN,

        Plaintiff,

v.

CARLSON HOTELS MANAGEMENT CORPORATION
f/k/a RADISSON HOTEL CORPORATION,
RADISSON HOSPITALITY, INC.
f/k/a CARLSON HOTELS WORLDWIDE, INC.,
RADISSON HOTELS INTERNATIONAL, INC.
f/k/a CARLSON HOSPITALITY GROUP, INC.,
JOHN DOE #1, JOHN DOE #2 and
JOHN DOE #3,

        Defendants.
_____

## **ORDER**

**THIS MATTER** is before the Court following the scheduling of a telephonic discovery conference and Plaintiff's failure to retain substitute local counsel as previously ordered. See "Order Granting Motion to Withdraw" entered September 5, 2019 (document #27) ("Plaintiff shall retain substitute local counsel within fourteen days of this Order.")  Plaintiff has not retained local counsel.

On September 30, 2019, defense counsel contacted the Court's chambers telephonically and requested a discovery conference as required by Section III.F of the Pretrial Order and Case Management Plan (document #25).   The Court scheduled a telephonic discovery conference. Chambers staff emailed the parties' counsel as follows:

Pursuant to the Scheduling Order, Judge Cayer will hold a telephone conference on Tuesday, October 8, 2019 at 1:30 pm to resolve the dispute. Each side should submit to Judge Cayer via my email and to opposing counsel, a ONE PAGE summary of their position on the discovery dispute by Monday October 7, 2019 at 5:00 pm.

The Court has reviewed the parties' submissions and concludes that a discovery conference is unnecessary. Plaintiff has failed to serve any responses to Defendants' discovery requests. Accordingly, the Court **ORDERS** the Plaintiff to respond to Defendants' Request for Production of Documents and Interrogatories.

Dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the District Court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).

Accordingly, the Court warns Plaintiff that failure to provide full and complete responses to Defendants' Request for Production of Documents and Interrogatories or failure to respond to any other of Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff and/or his counsel being ordered to pay Defendants' costs including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.**

Moreover, the District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases

on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Accordingly, the Court will allow Plaintiff a final opportunity to retain local counsel and to show cause why this matter should not be dismissed for failure to prosecute.

**NOW THEREFORE IT IS ORDERED**:

1. Within fourteen days of the date of this Order, Plaintiff shall provide full and complete responses to Defendants' Request for Production of Documents and Interrogatories.

2. Within fourteen days of this Order, Plaintiff shall retain local counsel.

3. Plaintiff is warned that failure to make a timely response to this Order may result in **DISMISSAL** of this case **WITH PREJUDICE**.

4. The parties shall bear their own costs at this time.

5. The Clerk is directed to send copies of this Order to the parties' counsel.

**SO ORDERED.**

Signed: October 8, 2019

David S. Cayer
United States Magistrate Judge