# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00214-DSC

| | |
|---|---|
| JASON RENOWDEN, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| CARLSON HOTELS MANAGEMENT CORPORATION et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion for Summary Judgment … and Motion to Dismiss for Failure to Comply with an Order of the Court and for Sanctions …" (document # 29) and "Brief in Support …" (document #30).  Plaintiff has not responded to the Motion and the time for filing a response has expired.

The parties have consented to Magistrate Judge jurisdiction under 29 U.S.C. § 636 (c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court grants Defendants' Motion as discussed below.

In his Complaint, Plaintiff alleges that as a result of Defendants' negligence, he slipped and fell at the Radisson Airport Hotel in Charlotte.

On September 5, 2019, the Court granted Plaintiff's local counsel's Motion to Withdraw and ordered Plaintiff to retain substitute local counsel within fourteen days. See "Order Granting Motion to Withdraw" (document #27).  Plaintiff has not retained substitute local counsel.

On September 30, 2019, defense counsel contacted the Court's chambers telephonically and requested a discovery conference as required by Section III.F of the Pretrial Order and Case Management Plan (document #25). The Court scheduled a telephonic discovery conference. Chambers staff emailed the parties' counsel as follows:

> Pursuant to the Scheduling Order, Judge Cayer will hold a telephone conference on Tuesday, October 8, 2019 at 1:30 pm to resolve the dispute. Each side should submit to Judge Cayer via my email and to opposing counsel, a ONE PAGE summary of their position on the discovery dispute by Monday October 7, 2019 at 5:00 pm.
>
> In Plaintiff's one-page summary, his New York counsel stated:
>
> An issue arose early on in the litigation regarding whether the plaintiff had sued the correct defendant. The Plaintiff had always maintained that he was hurt at a Radisson Hotel. Documents that we obtained supported that position. It was only recently that we discovered that the plaintiff sustained his injuries in a Ramada Hotel. Thus, the case is now at a juncture which will require the plaintiffs [sic] to amend his summons and complaint to name the correct defendants.

Document #29, Exhibit C.

On October 8, 2019, the Court entered the following Order:

> The Court has reviewed the parties' submissions and concludes that a discovery conference is unnecessary. Plaintiff has failed to serve any responses to Defendants' discovery requests. Accordingly, the Court **ORDERS** the Plaintiff to respond to Defendants' Request for Production of Documents and Interrogatories…
> 　　[T]he Court warns Plaintiff that failure to provide full and complete responses to Defendants' Request for Production of Documents and Interrogatories or failure to respond to any other of Defendants' reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff and/or his counsel being ordered to pay Defendants' costs including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice…**
> 　　Accordingly, the Court will allow Plaintiff a final opportunity to retain local counsel and to show cause why this matter should not be dismissed for failure to prosecute.
> 　　**NOW THEREFORE IT IS ORDERED**:

> 1. Within fourteen days of the date of this Order, Plaintiff shall provide full and complete responses to Defendants' Request for Production of Documents and Interrogatories.
> 2. Within fourteen days of this Order, Plaintiff shall retain local counsel.
> 3. Plaintiff is warned that failure to make a timely response to this Order may result in **DISMISSAL** of this case **WITH PREJUDICE**.

"Order" (document #28) (emphasis in original). Plaintiff has not moved to amend or taken any other action on the docket. Defendants credibly represent that Plaintiff has served incomplete discovery responses.

On November 27, 2019, Defendant served a second set of discovery requests, including their First Request for Admissions. Document #29, Exhibit F. The first request for admission states: "Admit: that Plaintiff did not fall at a hotel owned, operated, managed or controlled by the Defendants, as alleged in the Complaint." Plaintiff did not respond to these requests for admissions.

Plaintiff has not complied with the Court's Orders and has not fully responded to Defendants' discovery requests. As a sanction, the Requests for Admissions are now deemed admitted.

On February 5, 2020, Defendants filed their "Motion for Summary Judgment … and Motion to Dismiss for Failure to Comply with an Order of the Court and for Sanctions …" Plaintiff did not respond to the Motion. Plaintiff's counsel did not respond to a telephonic inquiry from chambers staff.

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting

Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

Applying those legal principles to the record in this case, Defendants are entitled to summary judgment. Plaintiff has not responded to this Motion, has not moved to amend, and admits that he was not injured on property owned, operated, managed or controlled by the

Defendants.  Moreover, Plaintiff's Complaint is subject to dismissal due to his repeated failures to comply with the Court's Orders.

**NOW THEREFORE IT IS ORDERED** that:

1.  "Defendants' Motion for Summary Judgment … and Motion to Dismiss for Failure to Comply with an Order of the Court and for Sanctions …"  (document # 29) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 28, 2020

David S. Cayer
United States Magistrate Judge

**SO ORDERED**.

Signed: February 28, 2020